**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. SUSAN KOUPE, an individual, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **Case No.  17-cv-588-CVE-FHM** |
| | ) | |
| 1. COUNTRY CLUB OF WOODLAND | ) | |
| HILLS, LIMITED PARTNERSHIP, | ) | |
| a domestic limited partnership, | ) | **JURY TRIAL DEMANDED** |
| | ) | **ATTORNEY LIEN CLAIMED FOR** |
| **Defendant.** | ) | **THE FIRM** |

## COMPLAINT

**COMES NOW,** the Plaintiff, Susan Koupe ("Plaintiff"), through her attorney of record,

Charles C. Vaught of Armstrong & Vaught, P.L.C. and brings this action pursuant to Title VII of

the Civil Rights Act of 1964, as amended, *et seq.* for gender discrimination and in violation of

the Equal Pay Act, 29 U.S.C. §206, *et seq.* committed by Defendant.

## JURISDICTION AND VENUE

1.  Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a). In particular, jurisdiction

    is premised on a violation of Title VII of the Civil Rights Act of 1964, as amended, 42

    U.S.C. § 2000e, *et seq.*

2.  Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. §

    2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. § 2000e, *et*

    *seq.*

3.  Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil

    Procedure and the above statutes.

4.  This Court has jurisdiction over the parties and the subject matter of this action, and this

    action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and

28 U.S.C. § 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

5. Plaintiff is, and was at all times relevant hereto, a resident of the State of Oklahoma, residing in Tulsa, Oklahoma.

6. The acts and/or omissions giving rise to this lawsuit occurred in Tulsa, Tulsa County, State of Oklahoma.

7. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on July 21, 2017 for which Plaintiff received July 24, 2017 (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein).

8. Defendant is an employer as defined by 42 U.S.C. § 2000e(b), in that it was a private employer engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year

9. Plaintiff was at all times relevant hereto an employee as defined by 42 U.S.C. § 2000e (f), in that she was employed by an employer.

## OPERATIVE FACTS

10. Plaintiff is a member of a protected class, to wit: a female.

11. Plaintiff was hired by Country Club of Woodland Hills as a member of the Maintenance Crew on June 23, 2014.

12. Plaintiff, on multiple occasions throughout her employment, requested tools necessary to do her job. Plaintiff was repeatedly given lower quality equipment. Examples are as follows:

    a.   When a new mud pan was purchased, it was given to a male coworker. This coworker proceeded to give it to Plaintiff because he did not need it. When the supervisor found out, he took it back and stated "it wasn't for you".

    b.   Plaintiff requested a respirator in order to safely paint an apartment. Plaintiff was then expected to paint all apartments as her new job function going forward. When Plaintiff then asked for a new filter for said respirator, the supervisor merely washed out the disposable one that came with the respirator upon purchase.

    c.   New back braces were purchased for all of the men on the maintenance crew. When Plaintiff asked about one for herself, she was told she would have to make one of the large men's braces "work."

    d.   After four months of requesting an appropriate sized brace, Plaintiff was met with aggression. Plaintiff asked Mike Russell, her supervisor, for an appropriate sized brace again, at which point he complied. Plaintiff was later given the back brace by the Director.

    e.   Ms. Behrens called over the radio for maintenance. When Plaintiff responded to her call, she advised me "Sorry Susan, I need a man."

    f.   Plaintiff worked for Defendant for two years before she was allowed to get certified to maintain the pool, a certification typically obtained after only a couple of months on the job.

g. Plaintiff received no EPA training during her employment. Two men were hired previous to Plaintiff's resignation were employed for only a couple of months prior to being offered EPA training.

h. Plaintiff was told upon her hire that maintenance crew was paid $14.00/hr. Men were hired for this position with less or comparable experience than Plaintiff at this rate. Ms. Behrens lowered Plaintiff's pay to $12.50/hr., advising Plaintiff she have to "prove [herself]". No male employee experienced this same treatment.

13. On May 7, 2015, Patricia Behrens saw that Plaintiff was augering a kitchen drain where the hot water from the dishwasher drains due to it backing up and flooding the kitchen. At that point, she advised Plaintiff to "call a supervisor or someone". As it was after hours, Plaintiff called the supervisor, who could not be reached, so Plaintiff called the on-call maintenance employee. Plaintiff cleared the drain prior to the on-call employee arriving. Plaintiff was written up for not putting hot water down the clogged drain, and for calling the on-call employee without authorization although she did as she was instructed by Patricia Behrens.

14. On one occasion, Plaintiff found a resident alone, lying on the floor of her apartment for over an hour due to a fall. Plaintiff assisted her in getting up and then went directly to Millenium Home Health (the in-house nursing organization) to request a nurse to check the resident for injuries. Plaintiff sent Trish, supervisor, a text message advising her of what happened so she could contact the resident's family if needed. Plaintiff was written up for this. Male employees had been called multiple times to lift residents who had fallen in the past but were not written up.

15. Plaintiff advised Ms. Behrens that Jordan "Zack" McCombs had sent text messages to her being rude, disrespectful, and cussing at her. Ms. Behrens then requested that Plaintiff send her copies of the texts he had sent to her. Plaintiff did so, but nothing was ever done to rectify the situation.

16. Plaintiff advised Ms. Behrens that Mr. McCombs had called her "hun" five times during one morning, and that she found his behavior disrespectful and inappropriate. Ms. Behrens stated "if you interpreted it that way I will talk to him."

17. Plaintiff was advised upon hire that she would need to give two weeks' notice to take vacation time. Fifteen days prior to the first day Plaintiff requested vacation, Mr. Russell advised her he thought it would be okay. One week later Plaintiff was informed that Ms. Behrens had denied her request. Ms. Behrens had previously approved Plaintiff's male coworker's vacation with ten vacant apartments due, yet in Plaintiff's case, only three apartments were due during her vacation.

18. Plaintiff sent Ms. Behrens a text message regarding her denied vacation request. Ms. Behrens called Plaintiff into her office where she wrote Plaintiff up for texting while on the job. Plaintiff advised Ms. Behrens that everyone communicated by texting due to the radios working intermittently. Ms. Behrens then asked how Plaintiff heard her call her to her office on the radio. Plaintiff repeated to her "the radios work intermittently." Ms. Behrens asked if Plaintiff had reported this to her supervisor. Plaintiff advised Ms. Behrens that she had reported this to Mr. Russell one day before, which he later verified.

19. Plaintiff resigned on June 27, 2016 due to the disparate treatment from Defendant.

20. Plaintiff believes that she was discriminated against on the basis of her gender, to wit, a female, in violation of Title VII of the Civil Rights Act of 1964.

## FIRST CLAIM
### (Gender Discrimination in Violation of Title VII)

21. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

22. This claim is made against Defendant, Country Club of Woodland Hills.

23. That, as a member of a protected class, to wit: a female, Plaintiff is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

24. That the disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of discrimination on the basis of her protected status, to wit: a female, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

25. That Plaintiff was unfairly treated and that the motivating reason for this treatment is based on her protected status, to wit: a female, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

26. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

27. That the conduct complained of constitutes illegal gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be

reinstated to his former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## SECOND CLAIM
**(Gender Discrimination in Violation of the Equal Pay Act, 29 U.S.C. §206(d))**

28. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

29. This claim is made against Defendant, Country Club of Woodland Hills.

30. Defendant employed Plaintiff and male employees in jobs requiring substantially equal skill, effort and responsibility;

31. The jobs performed were done so under similar working conditions; and

32. That Plaintiff was paid a lower wage than the male employees doing substantially equal work.

33. That the conduct complained of constitutes illegal gender discrimination in violation of the Equal Pay Act, 29 U.S.C. §206(d).

**WHEREFORE,** Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be reinstated to his former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: ___*s/ Charles C. Vaught*___
**Charles C. Vaught, OBA #19962**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
***Attorney for Plaintiff***

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To:   **Susan M. Koupe**
      **2101 W. Gary St.**
      **Broken Arrow, OK 74012**

From:  **Oklahoma City Area Office**
       **215 Dean A. McGee Avenue**
       **Suite 524**
       **Oklahoma City, OK 73102**

☐   *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **564-2017-00319** | **Tamra R. James,**<br>Investigator | **(405) 231-5745** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

7-21-2017

Enclosures(s)

for    **Holly Waldron Cole,**
       **Area Office Director**

*(Date Mailed)*

cc:
**Blake Fall, Human Resources**
**COUNTRY CLUB OF WOODLAND HILLS**
**6333 S. 91ST EAST AVENUE**
**Tulsa, OK 74133**

**Charles C. Vaught, Attorney**
**Armstrong & Vaught PLC**
**2727 E. 21st Street, Ste. 505**
**Tulsa, OK 74114**



EXHIBIT
A



RECEIVED
01.24.17

Enclosures(s)

cc:     **J. Patrick Cremin, Attorney**
**Hall Estill et al.**
**320 S. Boston Ave., Suite 200**
**Tulsa, OK 74103**